**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANDREW C. BOWER,

    Plaintiff,

vs.   Case No. 3:21-cv-657-MMH-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Dkt. No. 24; Report), entered on January 10, 2023. In the Report, Judge Richardson recommends that the Commissioner's decision be reversed and remanded. See Report at 2, 21. No objections to the Report have been filed, and the time for doing so has passed.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1, n.1.

**ORDERED:**

1. The Report and Recommendation (Dkt. No. 24) is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to expressly consider the impact of Plaintiff's mental limitations on his RFC, to re-consider the record regarding Plaintiff's mental and physical limitations, including the physical impact of stress, if any, on Plaintiff's RFC, and to conduct any further proceedings deemed appropriate.

3. The Clerk of the Court is further directed to close the file.

4. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within fourteen (14) days from plaintiff's counsel's receipt of any "close-out" letter. The motion must include the agency letter stating the amount of past-due benefits withheld, include any applicable contingency fee agreement, and establish the fee is reasonable for the services rendered. This Order does not extend the time limits for filing a motion for attorney's fees under the Equal

Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of January, 2023.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record